UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTE DIVISION
3:12-cv-595-RJC

| | |
|---|---|
| T.L. JAMES-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| STATE OF NORTH CAROLINA, | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| and UNITED STATES, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's civil action filed September 12, 2012. (Doc. No. 1). Plaintiff contends that he is a Moorish National and through this civil action he seeks to challenge his confinement by the State of North Carolina. Plaintiff previously filed an action in the Western District, Asheville Division, which the Court examined and concluded that he was entitled to no relief.

Rule 4 of the Rules governing Section 2254 cases directs habeas courts to promptly examine habeas petitions. 28 U.S.C. foll § 2254. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant motion and finds that it must be dismissed.

Petitioner argues that he is entitled to specific performance of what he states is a 1787 "Treaty of Peace and Friendship . . . Between Morocco and The United States." (Doc. No. 1 at 4). In 1980, Plaintiff contends that one or more defendants took possession of his property which he identifies as "plaintiff's in full life, natural person." (Id.). Moving closer to the present day, in

1

1997, Plaintiff argues that Defendant State of North Carolina, without Congressional approval, incarcerated Plaintiff on criminal charges. In even more modern times, in 2004, Plaintiff contends that Defendant State of North Carolina again proceeded without Congressional approval and again incarcerated him on criminal charges. (Id. at 5).

Plaintiff argues that the action of the Defendants has alienated from his rights as set forth in the alleged 1787 treaty. Defendants have accomplished this through reclassifying Plaintiff as a natural person, or more to the point, as a person not protected by the "Treaty of Peace of Friendship, 1787." In his prayer for relief, Plaintiff moves the Court for an award of $180,000,000 and specific performance which would grant him his rights under the Treaty. In the alternative, if specific performance is not allowed, Plaintiff seeks a judgment in the amount of $540,000,000 and the termination of his incarceration which he identifies as "corporate bonds" under which the defendants are holding him.

On June 3, 2011, Plaintiff filed an action under Section 2254 which the Court dismissed as being without merit. See (1:11-cv-139-RJC, Doc. No. 9). In that action, Plaintiff makes similar contentions as he does herein, namely, that the State of North Carolina cannot keep him incarcerated because of his Moorish-American status. The Court noted that in Headen-El v. Keller, No. 1:11-cv-590, 2011 WL 3568282, at *2 (E.D.N.C. Aug. 15, 2011), the district court dismissed a similar argument as being without foundation and without merit. (Doc. No. 9 at 1-2).

Despite Petitioner's attempts to characterize the present action as one for other than habeas corpus, that is exactly what the present action is, one seeking an order which would release him from the custody of the State of North Carolina. As Petitioner has already had one Section 2254 dismissed, this present case is a successive habeas application and as such is due to be dismissed for his failure to secure prior authorization from the United States Court of Appeals

for the Fourth Circuit. See 28 U.S.C. § 2244(3)(A) ("Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also United States v. Winestock, 340 F.3d 200, 2006 (4th Cir. 2003) ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . . a brand-new, free standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.").

According the website of the North Carolina Department of Public Safety, Petitioner was convicted in 1999 and sentenced to life imprisonment for first degree murder. Petitioner is currently in the custody of the State of North Carolina and housed in the Polk Correctional Institution within the Western District. As observed, Petitioner's arguments in the present petition are nothing more than attacks on the legality of his conviction, sentence and current confinement. Petitioner has provided no evidence that he has secured the necessary authorization to file a successive habeas petition. In fact, the Court notes that he applied unsuccessfully to the Fourth Circuit for authorization to file a successive petition and this effort was denied after the Court found that Petitioner could not meet the burden of demonstrating he met the requirements of Section 2244(b)(2). See Terrance L. James-Bey v. State of North Carolina; North Carolina Department of Corrections; United States Corporation, No. 12-6815 (4th Cir. filed Aug. 21, 2012).

Despite Petitioner's request for monetary damages, this civil action is construed as a successive application for relief under Section 2254. Accordingly, the Court is without jurisdiction to consider the merits of the petition and it must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application to proceed *in forma pauperis,* (Doc. No. 1-4), is **GRANTED**; and

2. Petitioner's Successive application for habeas relief under 28 U.S.C. § 2254, (Doc. No. 1), is **DISMISSED**.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge